# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANDREW JONES, ) | CASE NO. 4:17 CV 1083 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| C. LAROSE, WARDEN, ) | |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Andrew Jones filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge his indictment and prosecution in the United States District Court for the Western District of Pennsylvania. *See United States v. Jones*, No. 2:16 cr 0027 (WDPA indict filed Feb. 16, 2016). He contends: (1) his indictment is duplicitous in that it charges two offenses in a single count in violation of the Fifth Amendment; and (2) the indictment fails to plead facts demonstrating the possession of the gun and ammunition was affecting interstate commerce. He seeks dismissal of the indictment and release from custody. The Court takes notice that Petitioner was convicted of the charges by a jury on July 21, 2017. He is scheduled to be sentenced on November 3, 2017.

## Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## Analysis

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner

who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under Section 2255, or where he did assert his claim in an earlier motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Petitioner filed this action just before his trial. He has since been tried and convicted and is awaiting sentencing. Whether this Court considers this to be the Petition of a pretrial detainee or a post-conviction action, the result is the same. To the extent that Petitioner can be considered a pretrial detainee, the nature of his claim precludes this court's review. Just as principles of federalism dictate that a federal court should abstain when a state pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges, considerations of federal court efficiency and administration dictate that a similar rule of restraint apply in this case where the grounds asserted by Petitioner would be dispositive of the underlying criminal charges. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489 (1973); *Caldwell v. O'Malley*, No. 1:08 CV 0495, 2008 WL 696608, at *1-2 (N.D. Ohio Mar. 13, 2008). *See Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981). To the extent the Petition can now be considered a post-conviction action, relief cannot be granted under § 2241. Petitioner must raise these claims in the Western District of Pennsylvania in a § 2255 Motion to Vacate Conviction or Sentence.

## Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is

dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2017